**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

RICKY L. LENARD                                                                               PLAINTIFF
ADC #75333


V.                                              2:14CV00054 JM/HDY


KEDERYSHA MATTHEWS *et al*.                                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James

M. Moody Jr.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection is

to a factual finding, specifically identify that finding and the evidence that supports your objection.

An original and one copy of your objections must be received in the office of the United States

District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a  hearing is granted)  was not  offered at  the
        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the

> hearing before the District Judge in the form of an offer of
> proof,  and a copy,  or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Ricky L. Lenard, an Arkansas Department of Correction ("ADC") inmate, filed a *pro se* complaint on April 21, 2014, naming as Defendants Kederysha Matthews, William M. Connor, Raymond Naylor, Ray Hobbs, P.R. Davis, Justine Minor, and Danny Burl.

### I.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do....Factual allegations must be enough to raise a right to relief above the

speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-

236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible

on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must

be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044

(8th Cir.2002) (citations omitted).

## II.  Analysis

According to Plaintiff's complaint, he was falsely accused in a trafficking and trading scheme

involving another inmate's request to have the other inmate's sister deposit money into Plaintiff's

institutional account so that Plaintiff could purchase commissary items for the other inmate, who was

restricted from the commissary at the time.  Plaintiff was convicted of rules violations, and was

sentenced to thirty days in isolation, reduced in class, and lost good time.  Plaintiff also asserts that

prison officials "took" his parole.  Plaintiff claims he was denied due process in the disciplinary

hearing process, and seeks damages for potential lost wages as well as compensation for time in

isolation, and a lengthened prison stay.  Plaintiff has no right to a specific parole date, and, because

he suffered no atypical and significant hardship as a result of his disciplinary conviction, and false

disciplinary charges and policy violations are not actionable, his complaint should be dismissed.

Plaintiff has no federal constitutional or inherent right in the possibility of future parole or

a conditional release before the expiration of a valid sentence, or in the determination of a specific

prole eligibility date.  *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7

(1979)(inmate has no federal constitutionally protected liberty interest in the possibility of parole);

*Smith v. Norris*, 40 Fed. Appx. 305 *1 (8th Cir. 2002)(unpublished per curiam)(no federal right to

have specific release and parole eligibility dates calculated); *Johnson v. Norris*, 2009 WL 4610267

*6 (E.D. Ark. 2009)(no constitutionally protected liberty interest or Arkansas statutory right to

specific transfer or parole eligibility date).

Additionally, a reduction in class does not implicate a liberty interest. *See Madewell v.*

*Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990)(noting that an inmate has no right to any particular

class status); *Strickland v. Dyer*, 628 F.Supp. 180, 181 (E.D. Ark. 1986)(finding that because

Arkansas state law does not protect a prisoner's right to any particular classification and there is no

federally protected right regarding classification, inmate could not prevail on claim that he was

deprived of due process due to disciplinary penalty of two-step class reduction). Likewise, 30 days

of punitive isolation does not amount to an "atypical and significant" hardship that would give rise

to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). The

Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical

and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002).

*See also Wycoff v. Nichols*, 94 F.3d 1187, 1188-90 (8th Cir. 1996)(no liberty interest arose when

Plaintiff served 45 days in administrative confinement before disciplinary decision reversed).[1]

In the absence of a protected property or liberty interest, Plaintiff is left with at most a false

disciplinary charge or policy violation. However, neither a false disciplinary charge nor the failure

to follow prison policy is a constitutional violation. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th

---

[1]Plaintiff has also not alleged any facts to suggest that he was denied the minimal civilized measure of life's necessities, or subjected to conditions constituting substantial risk of serious harm. Accordingly, has also failed to state a claim for an Eighth Amendment violation. *See Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996) (discussing requirements to establish a condition of confinement claim); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906 (8th Cir. 2002)(unpub. per curiam) (same).

Cir. 1989)(*citing Freeman v. Rideout*, 808 F.2d 949, 951-52 (2nd Cir. 1986), cert denied, 485 U.S.

982 (1988)) (false disciplinary charges alone not a constitutional violation); *Gardner v. Howard*, 109

F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).

Finally, Plaintiff cannot be awarded damages for any additional time he is required to serve

as a result of his disciplinary conviction. *See Heck v. Humphry*, 512 U.S. 477, 486-487 (1994) (if

a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the

conviction, continued imprisonment, or sentence, then no claim for damages lies unless the

conviction or sentence is reversed, expunged, or called into question by issuance of a federal writ

of *habeas corpus); Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (state prisoners may use only *habeas*

remedies when they seek to invalidate duration of confinement, either directly through injunction

compelling speedier release or indirectly through judicial determination that necessarily implies

unlawfulness of State's custody). Accordingly, Plaintiff's complaint should be dismissed.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for failure to state a

claim upon which relief may be granted.

2.      This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment

dismissing this action is considered frivolous and not in good faith.

DATED this ___20___ day of May, 2014.

_____

UNITED STATES MAGISTRATE JUDGE

5